JACK EPSTEIN, RESPONDENT, v. SALLY LEE, INC., A CORPORATION OF NEW JERSEY, APPELLANT.

Argued May 7th, 1940—Decided July 3, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the respondent, *Hendrickson & Jacobs* (*Sydney L. Jacobs,* of counsel).

For the appellant, *George M. Fieldman,* (*Harry J. Weiner,* of counsel).

PER CURIAM.

The motion is made by the respondent to dismiss the appeal because of appellant's failure to file the state of case and to notice the appeal for argument at the January, 1940, term or the present term of court.

It appears that the judgment was entered September 26th, 1939, and that a notice of appeal was served October 3d, 1939, and filed with the clerk of the District Court on October 8th, 1939. The only papers filed in this court were grounds of appeal on November 6th, 1939, and copy of notice of appeal on November 13th, 1939.

It also appears that the state of case was not settled by the court until May 7th, 1940 (the date when this motion was argued) that same was submitted to the court for signature shortly after the judgment was entered and that counsel's

efforts to obtain same were unavailing until the date aforesaid, that orders extending the time for settling the state of case were entered from time to time covering the entire period.

We conclude that under these circumstances there does not appear to have been any lack of diligence on the part of counsel for appellant in procuring the settled state of case from the court.

Obviously the appeal could not be brought on for argument until the record was perfected. Rule 145 of this court requiring appeals from District Court judgments to be noticed for argument at the next term of court is not applicable where it is impracticable to do so because the state of case is not settled. *Tenement House Board* v. *Schlechter,* 83 *N. J. L.* 88.

The motion is denied, without costs.